**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

PATRICIA COLLIER,

     Plaintiff,

-VS-                                CASE NO.:

PROCOLLECT, INC.,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Patricia Collier, by and through the undersigned counsel, and sues Defendant, ProCollect, Inc., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq*. ("TDCA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like ProCollect, Inc. (hereinafter, "ProCollect" or "Defendant"), from invading American citizen's privacy and prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, --US--, 132 S. Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our

1

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.      Venue is appropriate as the Defendant is headquartered at in Dallas, Dallas County, Texas.

### FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Jackson, Hinds County, Mississippi.

10.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3).

11.      Plaintiff is an "alleged debtor."

12.      Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13.      Defendant, ProCollect, Inc., is a corporation with its principal place of business located at 12170 Abrams Rd., Ste. 100, Dallas, Texas 75243-4579, with its Registered agent, John W. Bowdich, located at 10440 N. Central Expressway, Ste. 1540, Dallas, Texas 75231 and which conducts business in the State of Mississippi.

14.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

15.      The debt that is the subject matter of this complaint is a "consumer debt" as defined by U.S.C. § 1692(a)(5).

16.      Defendant called Plaintiff on Plaintiff's cellular telephone approximately one hundred (100) times in an attempt to collect a debt.

17.      Defendant attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

18.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

19.     The auto-dialer calls from Defendant came from telephone number(s) including, but not limited to: (214) 382-4871; and when that number is called, a live agent/representative answers "Thank you for calling ProCollect."

20.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she received prerecorded messages and/or artificial voice calls from Defendant stating the call was from "ProCollect" and "to please press (1) if you are Patricia Collier".

21.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (601) ***-7294, and was the called party and recipient of Defendant's calls.

22.     Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (601) ***-7294 in an attempt to collect on an alleged debt related past due rent.

23.     On several occasions over the last year, Plaintiff instructed Defendant's agent(s) to stop calling her cellular telephone.

24.     On or about August 6, 2018, Plaintiff returned a call to Defendant from her aforementioned cellular telephone number, was eventually connected to an agent/representative of Defendant named "Ms. Baker", explained to "Ms. Baker" that the debt they were attempting to collect had been disputed, was confirmed by the original creditor, Northtown Apartments, that the debt was not valid, and instructed Defendant's agent to cease calling her aforementioned cellular telephone.

25.     During the aforementioned conversation on or about August 6, 2018 with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have otherwise believed it had for placement of automated telephone calls to Plaintiff's aforementioned cellular telephone number by the use an automatic telephone dialing system or a pre-recorded or artificial voice.

26.     Each subsequent call the Defendant made to Plaintiff's cellular telephone number was done so without the "express consent" of the Plaintiff.

27.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and/or willful.

28.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

29.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant, to remove the number.

30.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to  they wish for the calls to stop.

31.     Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

32.     Defendant has had numerous complaints from consumers against them across the country asking to not be called; however, the Defendant continues to call the consumers.

33.     Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

34.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

35.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

36.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

37.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

38.     From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular

telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

39.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

42.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

43.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

44.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, embarrassment, and aggravation.

## COUNT I
### (Violation of the TCPA)

45.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

46.     Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified  that she wished for the calls to stop.

47.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual

damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the Texas Debt Collection Act)

48.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

49.     The facts stated above demonstrate that Defendant violated the Texas Debt Collection Act.

50.     The Plaintiff is a "consumer" as that term is defined by the Texas Debt Collection Practices Act, set forth in Chapter 392 of the Texas Finance Code (the "TDCA").

51.     The Plaintiff's relationship with the Defendant arose out of a "consumer debt" as that term is defined in the TDCA.

52.     Defendant was and is a "debt collector" as that term is defined in the TDCA.

53.     Spectrum violated Tex. Fin. Code § 392.302(4) by continually making calls in the collection of a debt with the only intent being to annoy and harass Plaintiff into paying, even after Plaintiff had requested that calls to her cell phone cease.

54.     Defendant has willfully violated the TDCA and Plaintiff is thus entitled to an injunction, her actual damages, and attorneys' fees.

55.     Violations of the Finance Code are also deemed to be violations of the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Texas Business & Commerce Code, and are actionable under that subchapter. As a result thereof,

9

Defendants are liable for actual damages, treble damages, the payment of legal fees and expenses, and exemplary damages.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

56.    Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

57.    At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

58.    Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

59.    Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

60.    Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and

any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Amy E. Clark*
Amy E. Clark, Esquire
Texas Bar Number: 24043761
Amy Clark Law
Thanksgiving Tower
1601 Elm Street, 33rd Floor
Dallas. TX 75201
Phone: (512)850-5290
dallas@amyclarklaw.com
*Local Counsel for Plaintiff*

and

*/s/  Shaughn C. Hill*
Shaughn C. Hill, Esquire
Florida Bar Number:  0105998
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
shill@forthepeople.com
kzhang@forthepeople.com
slauredan@forthepeople.com
*Counsel for Plaintiff*